UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UMBRA LLC,

                        Plaintiff,

v.                                              24-CV-243 (JLS)

THE CORPORATIONS, INDIVIDUALS,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED
ON SCHEDULE "A",

                        Defendants.

---

## DECISION AND ORDER

Before the Court are Plaintiff Umbra LLC's *ex parte* motions for: (1) injunctive relief; (2) expedited third-party discovery; and (3) alternative service of process (Dkt. 5).

### I. Background

Based on its review of the complaint and *ex parte* motions referenced above, the Court finds that:

- Defendants, who are the corporations, individuals, partnerships, and unincorporated associations identified on Schedule "A," are engaged in manufacturing, offering for sale, and selling products that likely infringe United States Patent No. D1,009,511 (Plaintiff's "'511 patent");

- Defendants' activities are accomplished via the Internet through the use of, at least, individual seller stores operated via Amazon.com under Defendants' respective seller IDs;

- Plaintiff has sufficiently identified Defendants and provided a list of each Defendant's associated seller ID in "Schedule A," which Plaintiff appended as Exhibit A to its complaint, along with links to Defendants' online postings of the accused products via the e-commerce marketplace platform located at Amazon.com;

- The seller IDs listed in Schedule "A" and associated payment accounts at Amazon.com appear to be a substantial part of the means by which Defendants further a scheme to evade federal laws, harm Plaintiff, and deceive the public at large;

- The individual seller stores at Amazon.com are under Defendants' control, which creates an opportunity for Defendants to change ownership or e-commerce store data and content, redirect consumer traffic, change payment accounts, and transfer assets and ownership of the seller IDs at a moment's notice;

- Plaintiff presented evidence that foreign online sellers, like Defendants, frequently monitor court filings in an effort to hide any and all evidence of their infringing acts;

- For example, the website SellerDefense published a notice regarding a similar intellectual property infringement lawsuit in *Yizhou v. Defendants, Individuals, Partnerships, and Unincorporated*

2

*Associations Identified on Schedule A*, No. 22-cv-23558-RNS, (S.D. Fla. Nov. 1, 2022), which is being litigated by Plaintiff's former counsel;

- SellerDefense posted on its website material that had been filed under seal in that Southern District of Florida case in an effort to warn the defendants in that case that the patent holder was freezing assets;

- the e-commerce platform at Amazon.com will remove Defendants' infringing product listings only if Plaintiff can provide a court order enjoining the sale of patented items (Dkt. 5-2 ¶ 39); and

- Plaintiff has alleged that the Court has personal jurisdiction over Defendants (Dkt. 1 ¶ 14).

Based on the foregoing, Plaintiff has asked this Court to: (1) temporarily restrain Defendants until this Court can determine the parties' respective rights; (2) expedite third-party discovery to the e-commerce marketplace platform located at Amazon.com; and (3) permit service of process on Defendants via email and website posting.

## II. Injunctive Relief

Plaintiff seeks a temporary restraining order, preliminary injunction, and order temporarily restraining the transfer of assets related to Defendants' alleged manufacture, offer for sale, and sale of products that infringe Plaintiff's '511 patent.

3

The United States Patent Act gives this Court the authority to grant injunctive relief "to prevent the violation of any right secured by patent, on such terms as [it] deems reasonable." *See* 35 U.S.C. § 283. A temporary restraining order ("TRO") or a preliminary injunction may be granted where the plaintiff demonstrates that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) balancing the hardships between the plaintiff and the defendant warrants an equitable remedy; and (4) the public interest would not be disserved by the requested preliminary relief. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

In support of its application for injunctive relief, Plaintiff filed a complaint, with exhibits (Dkt. 1), a memorandum of law (Dkt. 5-1), the Declaration of Leslie Mandelbaum, with accompanying exhibit (Dkt. 5-2; Dkt. 5-3), a proposed order (Dkt. 5-4), and the Declaration of James Graber, Esq. (Dkt. 7). Plaintiff presented sufficient evidence to demonstrate that each factor favors granting the TRO.

First, Plaintiff demonstrated that it is likely to proceed on the merits of its patent infringement claim because it has demonstrated that its products, which contain its patented design, and Defendants' products would appear "substantially the same" to an "ordinary observer." *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677–78 (Fed. Cir. 2008).

Second, Plaintiff presented sufficient evidence to show that Defendants are likely to: (1) transfer, conceal, dispose of, or otherwise destroy the infringing products and information concerning the infringing products; (2) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the infringing

4

products; or (3) close down existing user accounts, transfer user account information, and/or open a new user account through which Defendants can advertise, market, promote, distribute, offer for sale, and/or sell the infringing products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence. This likelihood results in Plaintiff's loss of control over its patent, including loss of quality control and consumer goodwill, which constitutes irreparable harm.

Third, it is likely that Plaintiff will continue to suffer irreparable harm unless Defendants' infringing activity ceases. The hardship to Defendants, on the other hand, is compliance with United States patent law. The balance of equities weighs in favor of Plaintiff, warranting an equitable remedy.

Fourth, Plaintiff demonstrated that the public interest would be served by the TRO. In particular, the TRO would protect patent rights and insulate consumers from deception about the origin of Defendants' products.

## III. Expedited Third-Party Discovery

Plaintiff also moved for expedited third-party discovery—specifically, information from the e-commerce platform and payment processors of Amazon.com regarding Defendants' identities and the accounts used in the alleged infringement.

Based on Plaintiff's submissions, the Court concludes that, without the ability to seek the requested expedited discovery under Federal Rules of Civil Procedure Rule 26(d)(1), Plaintiff would be unable to identify Defendants' true names, identities, and purchase or sales histories over the relevant time period. Defendants

are likely to be foreign nationals that operate out of foreign jurisdictions and frequently modify e-commerce data for the purpose of hiding their identities.

Access to the information held by Amazon.com is necessary to identify the accounts involved in Defendants' infringing activities. *See N. Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 368 (E.D.N.Y. 2013) (concluding that "good cause" for expedited discovery existed where plaintiff "presented credible evidence that the actions it attributed to Defendants were causing irreparable harm to [plaintiff], including loss of goodwill, negative effects on profitability[,] and damage to its relationships with its direct clients/customers")

In sum, good cause exists to grant Plaintiff's request for expedited third-party discovery.

## IV. Alternative Service of Process

Plaintiff seeks an order authorizing alternative service of process—in particular, service by email and website posting.

The Court may authorize an alternative method of service for a foreign defendant if such method: (1) is not prohibited by any international agreement; and (2) is reasonably calculated to give notice to Defendants. *See* Fed. R. Civ. P. 4(f)(3); *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379–80 (S.D.N.Y. 2018).

Plaintiff's proposal to serve Defendants by email and website posting satisfies those requirements. First, service on foreign entities believed to be in China by email or website posting is not prohibited by any international agreement. Second, service by those methods is reasonably calculated to give notice to Defendants because it appears that Defendants conduct most of their business online using, for example,

6

Amazon.com, and that Defendants use email as their primary form of communication with customers.

Thus, Plaintiff's proposed method of service on Defendants comports with due process and Federal Rule of Civil Procedure 4(f)(3). *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (holding, "without hesitation," that email service on an online business defendant "was constitutionally acceptable," as well as permitted by Rule 4(f)(3)).

### V.    *Ex parte* relief

Plaintiff seeks an *ex parte* TRO. The Court may issue such relief only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The Declarations of Leslie Mandelbaum (Dkt. 5-2) and James Graber, Esq. (Dkt. 7), satisfy these requirements. An *ex parte* TRO is proper.

The reasons set forth in the Mandelbaum and Graber Declarations also demonstrate that *ex parte* relief on Plaintiff's motions for expedited third-party discovery and alternative service is proper.

### CONCLUSION

For the above reasons, and for those set forth in Plaintiff's submissions (Dkt. 5; Dkt. 7) and at today's court appearance, the Court grants Plaintiff's motions for a temporary restraining order, expedited third-party discovery, and alternative service of process (Dkt. 5), as follows.

IT IS HEREBY ORDERED that:

1. This decision and order shall apply to all of the seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts that are being used by Defendants to infringe Plaintiff's '511 patent and/or unfairly compete with Plaintiff.

2. Each Defendant listed in Schedule "A," including its officers, directors, employees, agents, subsidiaries, and all persons in active concert or participation with any Defendant, having notice of this decision and order, are hereby restrained and enjoined until further order of this Court:

    a. from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products infringing on the claims protected in Plaintiff's patent (Patent No: US D1,009,511 S, dated January 2, 2024), or bearing reproductions or derivatives of Plaintiff's patent other than those actually manufactured or distributed by Plaintiff; and

    b. from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing reproductions or derivatives of Plaintiff's patent; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing reproductions or derivatives of

Plaintiff's patent; or (iii) any assets or other financial accounts subject to this order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, and any third-party financial institutions, payment processors, banks, escrow services, or money transmitters, and their related companies and affiliates, having notice of this decision and order shall:

   a. immediately discontinue the use of any unauthorized copies Plaintiff's '511 patent, on or in connection with all Internet-based e-commerce seller stores owned and operated, or controlled, by them, including the Internet based e-commerce stores operating under the seller IDs listed in Schedule "A" until further order of this Court;

   b. not transfer ownership of the seller IDs listed in Schedule "A" during the pendency of this action, or until further order of the Court;

   c. restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for Defendants' benefit or to be transferred into Defendants' respective financial accounts and restrain any other financial accounts tied thereto, and

      immediately divert those restrained funds to a holding account for the trust of the Court.

4. Defendants shall show cause before this Court, by appearing at a hearing on **May 10, 2024, at 9:00 a.m.**, why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) should not issue.

5. Any written opposition to Plaintiff's motion for a preliminary injunction is due by **May 8, 2024**. Any written reply from Plaintiff is due by **May 9, 2024**.

6. Failure to appear at this hearing may result in the Court imposing a preliminary injunction against Defendants pursuant to Federal Rule of Civil Procedure 65, which may take effect immediately upon the expiration of this order, and may extend throughout the length of this litigation under the same terms and conditions as this order.

7. Plaintiff shall post security in the amount of $5,000, pursuant to Federal Rule of Civil Procedure 65(c).

AND IT IS FURTHER ORDERED that, by **May 3, 2024**, Plaintiff shall serve the summonses, the complaint, this decision and order, and other filings and discovery in this matter upon each Defendant, promptly upon ascertaining their email addresses, by:

1. sending emails to each Defendant via the email accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service email addresses and onsite contact forms, or by the e-commerce platform email for each of the e-commerce stores,

and in the email providing the address to Plaintiff's designated website to Defendants;

2. publicly posting a copy of the summonses, complaint, this decision and order, and all filings in this matter on Plaintiff's designated website; and

3. Reporting to the Court, by **May 2, 2024**, of its progress on this requirement.

AND IT IS FURTHER ORDERED that Plaintiff is permitted to expedite a subpoena, with response due by May 2, 2024, to e-commerce platform Amazon.com, that seeks:

1. all information, financial accounts and/or sub-accounts, associated with the Internet based e-commerce stores operating under the seller IDs identified on Schedule "A" in this action;

2. all other accounts that transfer funds into the same financial institution account(s) or any of the other financial accounts subject to the TRO entered in this action;

3. an accounting of all funds restrained and identify the financial account(s) and sub-account(s) that the restrained funds are related to;

4. the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) that have been restrained;

5. the true identities, including names, addresses, email addresses, and IP addresses, of each person who registered, is listed in, logged into, used,

11

or who otherwise handled or is associated with the financial/payment processing accounts of all Defendants;

6. the full list of stores and associated financial/payment processing accounts; and

7. the full list of stores and associated financial/payment processing accounts opened, operated by, or at any time used by Defendants.

AND IT IS FURTHER ORDERED that Plaintiff shall move to unseal this case after service on Defendants has been effectuated.


Dated:     April 26, 2024
           Buffalo, New York

                                          _____
                                          JOHN L. SINATRA, JR.
                                          UNITED STATES DISTRICT JUDGE

# SCHEDULE A

| brand | ip | platform | jurisdiction | url | infringer | description | price | sales |
|---|---|---|---|---|---|---|---|---|
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CS5XWPD3?th=1 | Sbrun 11.N | Hat Hook, Simple Installation Wall Coat Hooks for Bedroom (9 Hooks) | | 40.3 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CS5WXQB1?th=1 | Sbrun 11.N | Hat Hook, Simple Installation Wall Coat Hooks for Bedroom (7 Hooks) | | 28.63 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CS5HJKF?th=1 | Sbrun 11.N | Hat Hook, Simple Installation Wall Coat Hooks for Bedroom (5 Hooks) | | 23.46 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CS5Q2265 | Sbrun 11.N | Hat Hook, Simple Installation Wall Coat Hooks for Bedroom (3 Hook) | | 18.43 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CNCFS8YQ?th=1 | Qmee | Solid Wood Coat Hat Hook Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom (9 Hooks) | | 45.39 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CNCGQJNZ?th=1 | Qmee | Solid Wood Coat Hat Hook Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom (7 Hooks) | | 32.15 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CSV93ZN5?th=1 | Oumji1 | Pomya Wall Coat Hooks, Coat Hat Hook Simple Installation for Checkroom (9 Hooks) | | 42.2 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CSVLBWRC?th=1 | Oumji1 | Pomya Wall Coat Hooks, Coat Hat Hook Simple Installation for Checkroom (7 Hooks) | | 29.71 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CSV6X5HG?th=1 | Oumij1 | https://www.amazon.com/dp/B0CSV6X5HG?th=1 | 24.21 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CSVRSS4H?th=1 | Oumij1 | Pomya Wall Coat Hooks, Coat Hat Hook Simple Installation for Checkroom (3 Hook) | 18.99 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0C68DRFMP?th=1 | HAIYHOME | Wall Mounted Floating Coat Racks Heavy Duty Wall Hooks Coat Hooks Retractable Hooks for Hanging Coats Hats Scarves Umbrella and Keys (Color : Wood Color, Size : 49.5 * 17cm) | 99.97 |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/Mounted-Flip-Down-Umbrella-Fold-Down-Light-Brown/dp/B0C27J8LJ5/ref=sr_1_7 8?crid=2RJ8I0G9OSPPH&keywords=Rail%2BHook%2BCoat%2BRack&qid=1704297284&sprefix=rail%2Bhook%2Bcoat%2Brack | BETSEO | Wooden Coat Rack Wall Mounted Round Stick Shape Multi Rack Solid Natural Wood Artwork with 5 Flip-Down Unique Modern Hooks for Coat/Bag/Hat/Umbrella (Fold-Down are Light-Brown, Fixed Hooks are Walnut) | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0C68G6DP1?th=1 | HAIYHOME | "Wall Mounted Floating Coat Racks Heavy Duty Wall Hooks Coat Hooks Retractable Hooks for Hanging Coats Hats Scarves Umbrella and Keys (Color: Wood Color, Size: 33 * 17cm) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0C68FH7NK?th=1 | HAIYHOME | "Wall Mounted Floating Coat Racks Heavy Duty Wall Hooks Coat Hooks Retractable Hooks for Hanging Coats Hats Scarves Umbrella and Keys (Color: Wood Color, Size: 33 * 17cm) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0C68D5GZH?th=1 | HAIYHOME | "Wall Mounted Floating Coat Racks Heavy Duty Wall Hooks Coat Hooks Retractable Hooks for Hanging Coats Hats Scarves Umbrella and Keys (Color: Wood Color, Size: 33 * 17cm) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0C68LMNCD?th=1 | HAIYHOME | Wall Mounted Floating Coat Racks Heavy Duty Wall Hooks Coat Hooks Retractable Hooks for Hanging Coats Hats Scarves Umbrella and Keys (Color: Wood Color, Size: 27.5 * 17cm) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CP8XXQS9?th=1 | Fivehoo | Headerbs Coat Hat Hook Solid Wood Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom Wooden Wall Mounted Clothes Hook (9 Hooks) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CP8YJRD5?th=1 | Fivehoo | Headerbs Coat Hat Hook Solid Wood Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom Wooden Wall Mounted Clothes Hook (7 Hooks) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CP8YMGYD?th=1 | Fivehoo | "Headerbs Coat Hat Hook Solid Wood Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom Wooden Wall Mounted Clothes Hook (5 Hooks) |

| | | | | | | |
|---|---|---|---|---|---|---|
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CP8ZGF9Z?th=1 | Fivehoo | Headerbs Coat Hat Hook Solid Wood Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom Wooden Wall Mounted Clothes Hook (3 Hook) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5DBMZW?th=1 | Lecxin | "EVGATSAUTO Wall Coat Hooks, Coat Hat Hook Multifunctional for Bedroom (9 Hooks) " |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5V776T?th=1 | Lecxin | EVGATSAUTO Wall Coat Hooks, Coat Hat Hook Multifunctional for Bedroom (7 Hooks) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5NFVT7?th=1 | Lecxin | "EVGATSAUTO Wall Coat Hooks, Coat Hat Hook Multifunctional for Bedroom (5 Hooks) " |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5H5ZN9?th=1 | Lecxin | "EVGATSAUTO Wall Coat Hooks, Coat Hat Hook Multifunctional for Bedroom (3 Hook) " |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5G5MG8?th=1 | Ganbora | "EVGATSAUTO Coat Hat Hook, Stable Wall Coat Hooks for Bedroom (9 Hooks) " |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5V5TLV?th=1 | Ganbora | "EVGATSAUTO Coat Hat Hook, Stable Wall Coat Hooks for Bedroom (5 Hooks) " |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5MWS26?th=1 | Ganbora | "EVGATSAUTO Coat Hat Hook, Stable Wall Coat Hooks for Bedroom (3 Hook) " |

| | | | | |
|---|---|---|---|---|
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CNCFSBYQ?th=1 Gambora | "Solid Wood Coat Hat Hook Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom (9 Hooks) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CNCK5HG5?th=1 Qmee | "Solid Wood Coat Hat Hook Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom (5 Hooks) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CNCJ56JG?th=1 Qmee | Solid Wood Coat Hat Hook Wall Mounted Multifunctional Clothes Hook for Entryway Bedroom Checkroom (3 Hook) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5TNCR5?th=1 Yuxds | "EVGATSAUTO Coat Hat Hook, Multifunctional Wall Coat Hooks for Checkroom (9 Hooks) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5C9QZS?th=1 Yuxds | "EVGATSAUTO Coat Hat Hook, Multifunctional Wall Coat Hooks for Checkroom (7 Hooks) |
| Umbra | PICKET RAIL HOOK USA | Amazon US | China | https://www.amazon.com/dp/B0CR5MYB6Q?th=1 Yuxds | EVGATSAUTO Coat Hat Hook, Multifunctional Wall Coat Hooks for Checkroom (3 Hook) |